**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROVER PIPELINE, LLC,** | : | |
| | : | **Case No. 2:17-cv-00988** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Jolson** |
| **AMY M. ZWICK, et al.,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion for a Temporary Restraining Order. (Doc. 34.) In short, Defendants ask the Court to force Plaintiff to repair a road that Plaintiff allegedly damaged during its pipeline operation. The Court held a Rule 65.1 Conference on October 29, 2019. For the reasons stated on the record and set forth below, the Court **GRANTS** Defendants' Motion [#34].

**II. BACKGROUND**

This action stems from an informal agreement between Rover Pipeline, LLC ("Plaintiff") and the Monroe County Board of Commissioners, whereby Plaintiff stipulated to paying $288,939.04 for repairs to a main thoroughfare in Monroe County, Ohio: Moore Ridge Road. (Doc. 34 at 3-4.) According to Defendants, Plaintiff never furnished these funds. (*Id.* at 4.)

Since the parties reached their agreement, Plaintiff has continued to utilize Moore Ridge Road for its pipeline operation, and consequently, the damages to Moore Ridge Road have

worsened. (*Id.*) At the Rule 65.1 Conference, Defendants represented that the cost to repair the thoroughfare has now reached about $900,000.

Defendants assert that Monroe County lacks the resources to repair Moore Ridge Road on its own. (*Id.* at 5.) Even more, that the deteriorating roadway presents a potential danger to the public if not fixed immediately, especially considering the impending winter season. (*Id.*) Defendants, therefore, contend that if Plaintiff does not provide the required funding for the repairs, Monroe County will be forced to close portions of Moore Ridge Road and divert traffic, including emergency vehicles. (*Id.*)

It is the Court's understanding that Plaintiff has offered to contribute $250,000 to the cost of repairs. A non-party company has also offered to contribute $250,000 for repairs. Hence, Defendants seek a temporary restraining order requiring Plaintiff to furnish an additional $350,000 and take the lead on securing a contractor for the repairs to Moore Ridge Road.

### III. LAW AND ANALYSIS

A temporary restraining order is an emergency measure. *ApplianceSmart, Inc. v. DeMatteo*, 2018 WL 6727094, at \*2 (S.D. Ohio Dec. 21, 2018). Federal Rule of Civil Procedure 65(b) requires a Court to examine, on application for a temporary restraining order, whether "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65(b)(1)(A). A temporary restraining order is "meant to prevent immediate and irreparable harm to the complaining party during the period necessary to conduct a hearing on a preliminary injunction." *DeMatteo*, 2018 WL 6727094, at \*2 (internal quotations omitted). Thus, "although some courts would examine the four factors required for issuance of a preliminary injunction, a focus on the irreparability and immediacy of harm is all that is required." *Id.* (internal quotations omitted). Because the purpose

of a temporary restraining order is simply to preserve the status quo, the Court's findings of fact and conclusions of law are not conclusive for later proceedings. *Women's Med. Prof'l Corp. v. Baird*, 2008 WL 545015, at *1 (S.D. Ohio Feb. 27, 2008).

### 1. Irreparability of Harm

The first factor the Court must consider is the irreparability of harm that Defendants would face absent injunctive relief. Generally, harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). But "an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate." *Id.* Although Defendants are ultimately seeking monetary compensation, they argue that the need for immediate funds makes a subsequent award of money damages insufficient. Defendants claim that the current condition of Moore Ridge Road presents a safety hazard with winter approaching. For example, Defendants suggest that "vehicles will unsafely maneuver to avoid problem areas in the road or become damaged by those problem spots, exposing the public to danger and the county to risk of liability." (Doc. 34 at 10.) Hence, Defendants maintain that they will be forced to close Moore Ridge Road, meaning "traffic, including EMS and police traffic, will have to divert to longer routes and an increase on the wear and tear on other county and township roads." (*Id.*)

Here, Defendants have met their burden of demonstrating irreparable harm. At the Rule 65.1 Conference, the Court heard testimony from Amy Zwick, the elected engineer for Monroe County. Ms. Zwick testified that due to the continued deterioration of Moore Ridge Road, she expected the road to become unusable during the winter months. Considering that Moore Ridge Road is a main thoroughfare in a tiny community, this will negatively impact emergency vehicles that operate within the County. Thus, while the relief Defendants seek is monetary in nature, the

real harm at issue is the danger that will result from the closure of a main roadway; namely, delayed response times from emergency responders. *See Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005) (recognizing claims of physical harm may in some circumstances justify preliminary injunctive relief). The Court cannot place a monetary value on this potential hazard. *See Scott*, 973 F.2d at 511 ("[A]n injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate."). For this reason, the Court finds that Defendants would face irreparable harm absent injunctive relief.

## 2. Immediacy of Harm

The second element that the Court must address is the immediacy of the harm at issue. Here, Defendants maintain that if repairs to Moore Ridge Road are not completed within the next two to four weeks, Monroe County will be forced to close this thoroughfare until next year. This is due to the fact that the asphalt companies in the surrounding area close during the winter months, meaning the next time Monroe County would be able to complete its repairs is the spring of 2020. Given these facts, the Court finds that Defendants have met their burden of demonstrating the immediacy of the harm. Accordingly, the Court **GRANTS** Defendants' Motion.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' Motion for a Temporary Restraining Order [#34]. In reaching this conclusion, the Court did not view each temporary restraining order factor in isolation; rather, the Court viewed them in conjunction to strike an appropriate balance. *See Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 991 F. Supp. 895, 900 (N.D. Ohio 1997) ("Those . . . considerations are factors to be balanced, not prerequisites that must be met. Thus, not all of these factors fully need to be established for an injunction to be proper, and no single factor is to be given controlling weight.") (quoting *In re DeLorean Motor*

*Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997)) (internal quotation omitted). Although the remedy Defendants ultimately seek is monetary in nature, the Court finds that the immediate hazard posed by an unfit roadway or a closure of the main thoroughfare pushes the balance of equities in favor of injunctive relief. Moreover, the Court finds that Plaintiff is in a better position to absorb this burden at this stage of the proceedings. **IT IS HEREBY ORDERED** that:

(1) Plaintiff shall contribute $350,000 -- in addition to the $250,000 it previously agreed to pay -- towards the repairs of Moore Ridge Road;

(2) Plaintiff shall be responsible for engaging a contractor to complete the repairs to Moore Ridge Road. These repairs shall be completed by November 30, 2019; and

(3) Plaintiff retains the right to seek partial or full repayment of the $700,000. The Court, however, will not require Defendants to post a security in this amount.[1]

**IT IS SO ORDERED.**

            **/s/ Algenon L. Marbley_____**
            **ALGENON L. MARBLEY**
            **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: October 31, 2019**

---

[1] *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) ("While we recognize that the language of Rule 65(c) appears to be mandatory, and that many circuits have so interpreted it, the rule in our circuit has long been that the district court possesses discretion over whether to require the posting of security.").